# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAMALI MIDINA KAFI,**
**also known as EDWARD LEON JACKSON, SR.,**
             **Plaintiff,**

             **v.**                                    **Case No. 15-CV-334**

**SCOTT ECKSTEIN,**
**EDWARD WALL,**
**STEVE SCHUELER, and**
**JOHN/JANE DOE ,**
             **Defendants,**

---

## DECISION AND ORDER

Plaintiff, Damali Midina Kafi, a state prisoner at Redgranite Correctional Institution (Redgranite), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated. This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $45.23, as well as additional partial filing fees of $10.00, $16.57, and $15.09.  I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

2

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## 1.    Complaint Allegations

In his complaint, plaintiff asserts claims against defendants Deputy Warden Scott Eckstein, Wisconsin Department of Correction Secretary Edward Wall, Security Director Steve Schueler, and correctional officer Jane or John Doe in their individual capacities.

Plaintiff has been very involved in legal activities as a prisoner for the last fifteen years and has a reputation for assisting inmates with legal matters. During the summer of 2014, journalist Bill Lueders published a four-part series of articles regarding conditions of confinement in the segregation unit at Waupun Correctional Institution (Waupun). These articles were spearheaded by Peg Swan and the Forum for Understanding Prisoners (FFUP). During that time, plaintiff was in regular contact with Ms. Swan. He advised her on several legal aspects of the unconstitutional conditions and provided suggestions for changing those unconstitutional conditions through court action. Plaintiff and Ms. Swan also began to strategize the best way to bring a class action lawsuit on behalf of mentally ill inmates in the segregation at Waupun; they were in the preliminary stages of drafting a civil rights complaint.

Then, on September 8, 2014, plaintiff was removed from his work site in Redgranite's main laundry and placed in temporary lock up (TLU) for a possible violation of the Wisconsin Administrative Code. On September 11, 2014, plaintiff was interrogated

3

by defendant Eckstein and an investigator named Ashworth. They asked plaintiff about his friendship with Ms. Swan, his involvement with FFUP, his joint legal work with FFUP, and whether he had ever been compensated for his legal work with FFUP. Plaintiff denied ever receiving any form of compensation for assisting other inmates or FFUP with legal matters.

At the end of the interrogation, Eckstein advised plaintiff that he had worked as a Captain in the segregation unit at Waupun. Plaintiff then told Eckstein that he had not received any personal, religious, or legal property while on TLU status. Eckstein assured plaintiff that those items would be provided to him and informed plaintiff that his biggest problem would be the amount of personal and legal property he possessed. That evening, plaintiff received some limited personal property, but he did not received his legal or religious property until September 30, 2014, despite numerous requests. Another staff member told plaintiff that he did not have access to plaintiff's property until September 30 because it was being held in a secure room.

On October 2, 2014, plaintiff was served with a conduct report authored by Eckstein that alleged violations of Wisconsin Administrative Code §§ DOC 303.20, Group Resistance and Petition, 303.48, Unauthorized Use of Mail, 303.40, Unauthorized Transfer of Property, and 303.30, Unauthorized Forms of Communication. The original conduct report was three pages long and alleged that plaintiff had been identified in a leadership role within a non-sanctioned group of inmates and Ms. Swan who referred to themselves as the Legal Assistance Network. It further suggested that inmates had to be approved by plaintiff or an inmate named Merriweather before they were accepted and pursued by the FFUP. Eckstein also included unfounded allegations that plaintiff was not authorized

4

to assist inmates with their legal matters or possess their legal documents. Defendant Schueler reviewed the conduct report and failed to dismiss the charges as unsubstantiated.

On October 4, 2015, plaintiff wrote directly to defendant Wall and informed him that this conduct report was issued in retaliation for plaintiff's legal activities and association with Ms. Swan and FFUP. He informed Wall that the factual assertions in the conduct report did not support the charges against him, and he asked Wall to conduct an investigation. Plaintiff received no response from Wall.

Suddenly, on October 21, 2014, plaintiff was served for the first time with a fourth page of the conduct report that alleged plaintiff had more extensive involvement in the decisionmaking and running of FFUP.

Plaintiff went before a hearing officer on October 23, 2014, who found plaintiff guilty of group resistance and unauthorized use of mail. Plaintiff received a disposition of 120 days in segregation. Plaintiff filed an appeal, and Warden Meisner reversed the hearing officer's decision on November 12, 2014.

Prior to the hearing, plaintiff had asked Schueler to allow plaintiff to review the evidence against him, call witnesses who could verify his receipt of other inmates' legal documents through the U.S. Mail, and have Ms. Swan present via telephone. All of these requests were denied.

While plaintiff was in segregation, defendant Doe "routinely destroyed" plaintiff's mail, "particularly his request and disbursements for legal materials and financial transactions." Complaint at 10.

Plaintiff asserts that each of the defendants retaliated against him and conspired to do so. He seeks declaratory, compensatory, and punitive damages.

5

## 2.    Legal Analysis

To state a retaliation claim, plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted). Plaintiff's complaint satisfies this standard, and I will allow him to proceed on retaliation claims against defendants.

However, plaintiff may not proceed on conspiracy claims because all defendants are employees of the same state agency—namely, the Wisconsin Department of Corrections—and therefore the intracorporate-conspiracy doctrine applies. See Beese v. Todd, 35 Fed. Appx. 241, 243 (7th Cir. 2002); Payton v. Rush-Presbyterian, 184 F.3d 623, 632 (7th Cir. 1999).

Once defendants file their answer, plaintiff should use discovery to identify the defendant currently named as Jane or John Doe.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #3) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Scott Eckstein, Steve Schueler, and Edward Wall.

6

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants who are served shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $263.11 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the

7

defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge